UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

XUNXIAN LIU,

    *Plaintiff*,

v.

ADMINISTRATIVE OFFICE OF THE U.S. COURTS et al.,

    *Defendants*.

Civil Action No. 21-494 (TJK)

## MEMORANDUM

In 2018, Judge Theodore Chuang of the United States District Court for the District of Maryland granted summary judgment against Xunxian Liu in a suit Liu brought under Title VII of the Civil Rights Act of 1964. Liu, claiming Judge Chuang defamed him in the relevant opinion, sued him in the District of Maryland. After substituting the United States as the party defendant, the court dismissed that case because the United States was protected by sovereign immunity, so the court lacked subject-matter jurisdiction. *Liu v. Chuang*, No. 8:18-cv-03674 (PWG), 2019 WL 1559428 (D. Md. Apr. 10, 2019), *aff'd sub nom. Liu v. United States*, 797 F. App'x 775 (4th Cir. 2020). Now, Liu has pivoted to this District, and sued the Administrative Office of the U.S. Courts and the United States, making similar allegations against Judge Chuang. He claims that Judge Chuang committed common law torts and violated his constitutional rights by writing defamatory and libelous comments about him in his 2018 summary judgment opinion. Defendants moved to dismiss for lack of subject-matter jurisdiction, arguing that sovereign immunity again bars Liu's claims. The Court agrees and will grant Defendants' motion to dismiss.

\*   \*   \*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when faced with a motion to dismiss under Rule 12(b)(1), "the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Moran v. U.S. Capitol Police Bd.*, 820 F. Supp. 2d 48, 53 (D.D.C. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In reviewing such a motion, while the court is not limited to the allegations in the complaint and may consider materials outside the pleadings, the court must "accept all of the factual allegations in [the] complaint as true." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (alteration in original) (quoting *United States v. Gaubert*, 499 U.S. 315, 327 (1991)).

Liu has not established jurisdiction by a preponderance of the evidence. The Supreme Court has made clear that, under the doctrine of sovereign immunity, neither the United States nor its agencies can "be sued without [the United States'] consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In other words, "the Court's jurisdiction is limited to those instances in which the government has unequivocally waived sovereign immunity." *Briscoe v. United States*, 268 F. Supp. 3d 1, 8 (D.D.C. 2017) (cleaned up). Liu invokes both 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), but the government has not waived sovereign immunity for his claims under either statute.[1]

---

[1] Liu does not reference 42 U.S.C. § 1983 in his complaint. ECF No. 1. But he does allege that Judge Chuang's "use[]" of "misrepresentations" in the 2018 summary judgment opinion "violates the 14th Amendment of the US Constitution, section 1, last sentence." *Id.* at 2. And he states in his opposition to Defendants' motion to dismiss that he brings his claims under both the FTCA

Take Liu's supposed Section 1983 claims first, whatever they might be. Section 1983 bars the deprivation of rights by individuals acting under the color of *state* law. "By its terms, [it] does not apply to any federal government entity or to federal officials acting under federal law." *Way v. Johnson*, 893 F. Supp. 2d 15, 22 (D.D.C. 2012); *see also Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). So it does not "waive . . . sovereign immunity," and any claims Liu has brought under Section 1983 must be dismissed. *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007); *see also Partovi v. Matuszewski*, 647 F. Supp. 2d 13, 17–18 (D.D.C. 2009), *aff'd*, No. 09-5334, 2010 WL 3521597 (D.C. Cir. Sept. 2, 2010).

Liu's FTCA claims fare no better. To be sure, the FTCA "is a limited waiver of the United States' sovereign immunity and renders the Federal Government liable to the same extent as a private party for certain torts of its employees committed within the scope of their employment." *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987); 28 U.S.C. § 2674. But the FTCA also provides "exceptions for actions in which the [g]overnment has *not* waived sovereign immunity." *Farmer v. Disability Program Manager*, No. 19-cv-01731 (TNM), 2020 WL 2571521, at *2 (D.D.C. May 21, 2020) (emphasis added) (quoting *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009)). Several of those exceptions apply here.

First, "the FTCA does not permit lawsuits against federal agencies." *Hamilton v. United States*, 502 F. Supp. 3d 266, 271 (D.D.C. 2020); *see also* 28 U.S.C. § 2679(a). "Under the FTCA, the United States is the *only* proper party defendant." *Welsh v. Hagler*, 83 F. Supp. 3d 212, 223 (D.D.C. 2015) (emphasis added) (quoting *Cureton v. U.S. Marshal Serv.*, 322 F. Supp. 2d 23, 25 n.4 (D.D.C. 2004)). Liu does not argue otherwise. In fact, he agrees that "the US is the defendant."

---

*and* Section 1983. *See* ECF No. 25 at 3, 6–7; *see also Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("a district court errs in failing to consider a *pro se* litigant's complaint in light of all filings, including filings responsive to a motion to dismiss" (cleaned up)).

3

ECF No. 25 at 4.  Thus, the Administrative Office of the U.S. Courts "remains immune from suit," and the Court lacks jurisdiction to consider Liu's FTCA claims against it.  *Hamilton*, 502 F. Supp. 3d at 274.  Second, the FTCA "does not waive sovereign immunity for constitutional torts."  *Epps v. U.S. Atty. Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008).  So to the extent that Liu brings a separate claim under the FTCA for Judge Chuang's alleged violation of his constitutional rights, ECF No. 1 at 2, the Court lacks jurisdiction to consider that claim too.  Third, the FTCA does not waive sovereign immunity for "[a]ny claim arising out of . . . libel, slander, misrepresentation, [or] deceit."  28 U.S.C. § 2680(h).  And Liu's claims all arise out of Judge Chuang's alleged "misrepresentations" and "libels."  ECF No. 1 at 1.  Thus, the Court cannot consider any remaining FTCA claims.  *See Liu*, 2019 WL 1559428, at *4 (concluding that the United States had not waived sovereign immunity for Liu's defamation claims against Judge Chuang).

Liu argues in response that the FTCA does waive sovereign immunity for such intentional tort claims because Section 2680(h) applies only to investigative or law enforcement officers, not judicial officers like Judge Chuang.  ECF No. 25 at 5–6.  But that gets Section 2680(h) backwards.  In full, the subsection provides that:

> The provisions of [the FTCA] . . . shall not apply to . . . [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

4

28 U.S.C. § 2680(h).  Read in total, Section 2680(h) excludes from the FTCA's limited waiver of sovereign immunity claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights"—but it includes an exception to this exception for certain torts committed by "investigative or law enforcement officers of the United States Government."  *Id.*  Because, as Liu admits, Judge Chuang "is not an investigative or law enforcement officer," that exception to the exception does not apply here.  ECF No. 25 at 5.  Thus, the FTCA claims against Judge Chuang remain barred by sovereign immunity.

\*   \*   \*

For all these reasons, the United States has not waived sovereign immunity for Liu's claims, so this Court lacks subject-matter jurisdiction, and it need not consider Defendants' venue and claim preclusion arguments.  Thus, the Court will grant Defendants' motion to dismiss.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 21, 2022