**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

XUNXIAN LIU,

    *Plaintiff*,

    v.

ADMINISTRATIVE OFFICE OF THE U.S. COURTS et al.,

    *Defendants*.

Civil Action No. 21-494 (TJK)

## MEMORANDUM

Xunxian Liu sued Judge Theodore Chuang of the United States District Court for the District of Maryland, asserting a claim for defamation over the judge's statements in a summary judgment opinion. That suit was dismissed in the District of Maryland. Undeterred, and pivoting to this District, he sued the Administrative Office of the U.S. Courts and the United States for substantially the same reasons. The Court dismissed the case for lack of subject-matter jurisdiction. Liu now moves the Court to reconsider its decision. Although he does not cite a rule, the Court presumes he seeks relief under Federal Rules of Civil Procedure 59(e) and 60(b)—the two that govern motions for reconsideration. Because he cannot succeed under either, the Court will deny his motion.

Relief under Rules 59(e) and 60(b) is rare. Rule 59(e) motions are granted only if "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (cleaned up). "The standards that govern Rule 60(b) are even more restrictive." *Duma v. Unum Provident*, 770 F. Supp. 2d 308, 315 n.6 (D.D.C. 2011) (cleaned up). "Courts should only grant Rule 60(b) motions in extraordinary circumstances." *SEC v. Bilzerian*, 815 F. Supp. 2d 324,

328 (D.D.C. 2011) (cleaned up). Neither rule is "an opportunity to reargue facts and theories upon which a court has already ruled" or "a vehicle for presenting theories or arguments that could have been advanced earlier." *Payne v. District of Columbia*, 808 F. Supp. 2d 164, 170 (D.D.C. 2011) (cleaned up); *see also Stephenson v. Chao*, No. 19-cv-2256 (TJK), 2020 WL 122984, at *2 (D.D.C. Jan. 10, 2020), *aff'd sub nom. Morrissey v. Mayorkas*, 17 F.4th 1150 (D.C. Cir. 2021) (quoting *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013)).

Liu offers no arguments that either were not or could not have been made before. He argues that Judge Chuang's "disparaging/wrong/cheating statements" have "deterred" his constitutional rights, citing 42 U.S.C. § 1983. ECF No. 36 at 1–2. He also alleges that the opinion has harmed his "profession[al] reputation and professional job opportunities" and he purports to present "evidence" of his injuries. *Id.* at 2–5; *see also* ECF No. 25 at 6–7 (arguing in opposition to Defendants' motion to dismiss that he is entitled to damages under 42 U.S.C. § 1983 because Judge Chuang "damage[d]" his "Constitutional rights"). These arguments simply do not meet the above standards related to either rule. And besides, they are irrelevant to the Court's determination that it lacked subject-matter jurisdiction. As the Court explained, "Section 1983 . . . does not apply to any federal government entity or to federal officials acting under federal law," so it does not waive Defendants' sovereign immunity.[1] ECF No. 35 at 3 (cleaned up); *see also Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007); *Partovi v. Matuszewski*, 647 F. Supp. 2d 13, 17–18 (D.D.C. 2009), *aff'd*, No. 09-5334, 2010 WL 3521597 (D.C. Cir. Sept. 2, 2010).

---

[1] Liu does not address his Federal Tort Claims Act claim in his motion for reconsideration. But the Court also dismissed that claim because sovereign immunity prevented the Court from exercising subject-matter jurisdiction over it. *See* ECF No. 35 at 3–5.

For these reasons, the Court will deny Liu's motion.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 16, 2022

3